C. W. STUART & Co. *vs.* JOSEPH PEZZA.

OCTOBER 23, 1957.

PRESENT: Condon, Andrews and Paolino, JJ.

CONDON, J. This is an action of assumpsit in which a justice of the superior court rendered a decision for the plaintiff. The case is here on the defendant's exception to such decision.

He contends that it is against the law and the evidence and the weight thereof and that it fails to do justice between the parties. He has briefed and argued those contentions under two points. His first point is that the written contract on which the action is based is invalid because it was entered into on a holiday, namely, January 1, 1955, which date was thereafter altered by the plaintiff to avoid such invalidity. Under his second point he claims that he is entitled to some mitigation of the damages since he did not accept delivery of the merchandise from the carrier.

The first point is without merit. The written contract which is in evidence as an exhibit bears the date "Feb 1, 1955." A carbon copy which was introduced in evidence by the defendant is dated "Jan. 1, 1955." Except for the variance in dates the exhibits appear to be identical. Although defendant relies upon his exhibit and claims that the date on plaintiff's exhibit has been altered, he admitted on the witness stand that in a letter which he wrote to the plaintiff he acknowledged that the contract was made in February. In view of that testimony it became immaterial on what date in February the contract was entered into so long as it was not a holiday. Therefore the trial justice

did not err in treating defendant's claim of alteration as immaterial.

There is no merit in defendant's second point. On the evidence before him the trial justice was warranted in treating the contract as an executed contract. According to its express terms it was not subject to cancellation except as stated therein. If cancellation was desired it was required to be claimed before a certain date accompanied by a remittance of 40 per cent of the amount of the contract as damages for anticipatory breach thereof. The defendant never made any such remittance and therefore cannot claim the benefit of that provision. Nor is he entitled to any mitigation of the damages because he refused to accept the merchandise. He offered no evidence that plaintiff thereafter received the merchandise from the carrier. In the absence of such evidence defendant remained the owner, since title passed to him when plaintiff delivered the merchandise to the carrier and he continued liable for the contract price. *National Trade Extension Co.* v. *Alienello,* 52 R. I. 300. Therefore the trial justice did not err in awarding full damages.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Aram K. Berberian,* for plaintiff.

*John S. Brunero,* for defendant.